**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| Tiffany MICHALAK, | : |
| Plaintiff, | : Civil No. 18-1727 (RBK/KMW) |
| v. | : |
| | : **OPINION** |
| SERVPRO INDUSTRIES, INC., *et al.*, | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Plaintiff Tiffany Michalak's Motion to Remand (Doc. No. 6), and Defendant ServPro's Motion to Dismiss. (Doc. No. 7.) Plaintiff alleges that ServPro's removal notice was procedurally defective and seeks remand to the Superior Court of New Jersey. ServPro argues that Plaintiff has failed to allege ServPro maintains a sufficient relationship with Plaintiff to be held liable under the New Jersey Law Against Discrimination. ServPro further argues that Plaintiff failed to allege conduct sufficiently outrageous to subject ServPro to liability for intentional infliction of emotional distress. For the reasons set forth in the opinion below, Plaintiff's Motion to Remand is **DENIED**, and ServPro's Motion to Dismiss is **GRANTED.**

## I. BACKGROUND

Plaintiff is a citizen and resident of New Jersey, residing in Logan Township, New Jersey. (Compl. at 1.) Defendant ServPro is a cleanup and restoration corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Gallatin, Tennessee. (*Id.*) Pursuant to its business model, ServPro is a franchisor for several other entities. (*Id.*) Defendant O'Donnell LLC is a limited liability company that acts as one of ServPro's franchisees. (*Id.*) O'Donnell LLC is organized and exists under the laws of the State of New Jersey, with its principal place of business in the Borough of Westville, New Jersey. (*Id.* at 1-2.) Mr. O'Donnell, the lone member of O'Donnell LLC, is a citizen and resident of the Commonwealth of Pennsylvania. (*Id.* at 2.)

Plaintiff brings this complaint alleging state law claims based on incidents that occurred when O'Donnell LLC employed Plaintiff. (Doc. No. 6.) Plaintiff brings claims against ServPro and O'Donnell LLC, alleging gender discrimination, hostile work environment, and retaliation, all in violation of the New Jersey Law Against Discrimination ("NJLAD"). (Compl. at 8, 11, 14.) Additionally, Plaintiff alleges all defendants are liable for intentional infliction of emotional distress. (*Id.* at 15.)

O'Donnell LLC employed Plaintiff from December 2014 until December 2015. (Compl. at 2.) While at O'Donnell LLC, Plaintiff performed primarily sales and marketing work. (*Id.*) Plaintiff alleges that during her tenure with O'Donnell LLC she was subjected to a sexist work culture due to the misogynistic and abusive behavior of Mr. O'Donnell. (*Id.*) Plaintiff claims Mr. O'Donnell made chauvinistic comments, including statements such as "men do things better than women," "men are more detail-oriented," and "you women don't know anything about bank

2

accounts or managing money." (*Id.*) In addition, Plaintiff alleges Mr. O'Donnell swore at her and called her vulgar names. (*Id.* at 2-3.)

Plaintiff alleges that as a result of Mr. O'Donnell's harassment and abuse toward her, she called ServPro's human resources department to formally complain about Mr. O'Donnell's misconduct. (Compl. at 4.) Plaintiff alleges ServPro's Human Resources Department assured her a full investigation would be performed. (*Id.*)

Mr. O'Donnell fired Plaintiff four days after she discussed his conduct with ServPro's Human Resources Department. (Compl. at 4.) Following the termination of her employment, Plaintiff applied for and received unemployment compensation benefits from the State of New Jersey. (*Id.* at 5.) Mr. O'Donnell challenged the State of New Jersey's award of unemployment compensation benefits to Plaintiff, allegedly falsely reporting that Plaintiff was terminated for willful misconduct. (*Id.*)

Plaintiff claims that because of the wrongful conduct of the defendants, she has been prevented from attending to her usual and customary duties and occupations. (Compl. at 5.) Plaintiff claims this injury has both harmed her earning capacity and caused her humiliation and embarrassment. (*Id.*)

Plaintiff commenced this action by filing a complaint in New Jersey against ServPro, O'Donnell LLC, and Mr. O'Donnell. (Doc. No. 1.) Defendants Mr. O'Donnell and O'Donnell LLC were served on December 19, 2017, and December 21, 2017, respectively. (Doc. No. 6.) Plaintiff first attempted to serve ServPro by mail at its principal place of business on December 13, 2017. (*Id.*) ServPro's receptionist signed the certified mail's return receipt on December 18, 2017. The return receipt also has a date-stamp indicating that the green card was returned by the Post Office to Plaintiff's counsel and was received on December 21, 2017. (*Id.*) A process server

was subsequently hired to make personal service upon ServPro's registered agent in New Jersey. (*Id.*) The process server completed service on January 9, 2018. (*Id.*)

On or about February 7, 2018, defendant ServPro filed a Notice of Removal to this court. (*Id.* at 3.) Mr. O'Donnell and O'Donnell LLC provided ServPro with consent for removal via email on February 2, 2018 but failed to join in ServPro's removal notice or otherwise inform the Court of its consent. (Doc. No. 12.) Instead, ServPro consented to removal on behalf of O'Donnell LLC and Mr. O'Donnell. (Doc. No. 1.) Mr. O'Donnell and O'Donnell LLC did not provide the Court with any indication of consent until March 15, 2018, when they certified the authenticity of the email they sent ServPro on February 2, 2018. (*See* Doc. No. 12-1, Ex. A.)

Plaintiff moves for this Court to remand this case to the Superior Court of New Jersey, Gloucester County under 28 U.S.C. § 1447(c). ServPro moves for this Court to dismiss all claims brought against it with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 7.)

## II.   LEGAL STANDARD

### A. Motion to Remand

Under 28 U.S.C. § 1441, a defendant may remove an action filed in state court to a federal court with original jurisdiction over the action. Once an action is removed, a plaintiff may challenge removal by moving to remand the case back to state court.

A district court may remand an action to state court for either a lack of subject-matter jurisdiction or a defect in the removal process. *PAS v. Travelers Ins. Co.,* 7 F.3d 349, 353 (3d Cir. 1993); 28 U.S.C. § 1447(c). "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). When a civil action is removed solely based on diversity of citizenship,

pursuant to 28 U.S.C. § 1441, "all defendants who have been properly joined or served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). "[C]ourts construe removal statutes strictly with all doubts resolved in favor of remand." *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 (3d Cir. 2003).

### B. Motion to Dismiss

When considering a motion to dismiss a complaint for failure to state a claim, Fed. R. Civ. P. 12(b)(6), the Court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the non-moving party. A motion to dismiss may be granted only if the plaintiff has failed to set forth fair notice of what the claim is and the grounds upon which it rests that make such a claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Although Rule 8 does not require "detailed factual allegations," it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In reviewing the sufficiency of a complaint, the Court must "tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (alterations in original) (internal citations and quotation marks omitted).

5

## III. DISCUSSION

### A. Remand

#### 1. Subject-Matter Jurisdiction

The federal courts are courts of limited jurisdiction and may only decide cases as authorized by the Constitution. *Kokkonen v. Guardian Life Ins.*, 511 U.S. 375, 377 (1994). Congress has authorized federal subject-matter jurisdiction in civil suits where the amount in controversy exceeds the sum or value of $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a). The statutory requirement that parties be citizens of different states means that complete diversity must exist; if any two adverse parties are co-citizens, there is no jurisdiction. *See Strawbridge v. Curtiss*, 7 U.S. 267 (1806); *State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 531 (1967). When a corporation is a party, it "shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the state or foreign state where it has its principal place of business . . . " 28 U.S.C. § 1332(c)(1). However, an unincorporated partnership, such as an LLC, is not considered a citizen as that term is used in the diversity statute. *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (citing *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d, 412, 419 (3d Cir. 2010)). Instead, the citizenship of partnerships and other unincorporated associations is determined by the citizenship of [their] partners or members. *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *Zambelli*, 492 F.3d at 200). The state of organization and the principal place of business of an unincorporated association are legally irrelevant. *Lincoln Ben. Life Co.*, 800 F.3d at 105 (citing *Carden v. Arkoma Associates*, 494 U.S. 185, 192 (1990)).

In this case, Plaintiff is a New Jersey citizen. ServPro is a corporation incorporated in Nevada that maintains its principal place of business in Tennessee. The sole member of

6

O'Donnell LLC is a Pennsylvania citizen. Because O'Donnell LLC's citizenship is determined by its only member's citizenship, and no defendant is a citizen of the same state as Plaintiff, complete diversity exists.

After including all potential damages and attorneys' fees, neither party contends the amount in controversy is less than $75,000. Because complete diversity exists and the amount in controversy exceeds $75,000, subject-matter jurisdiction is established under 28 U.S.C. § 1332.

2. *Procedural Defects*

   a. ServPro's removal was timely

The removal period for a defendant does not begin to run until that defendant is properly served or waives service. *Di Loreto v. Costigan*, 351 F. App'x 747, 751 (3d Cir. 2009). Rule 4:4-4(b)(1)(c) permits service upon an out-of-state defendant by certified mail with simultaneous delivery by ordinary mail. N.J. Ct. R. 4:4-4(b)(1)(c). Plaintiff is required to file an affidavit stating that despite diligent effort, personal service was unable to be made. *Id.* However, no such affidavit was provided to the Court and personal service was completed on January 9, 2018.

Additionally, Plaintiff may not remand by arguing that it complied with New Jersey's Optional Mail Service Statute. Rule 4:4-4(c) requires mailed service to be served on:

> Any officer, director, trustee or managing or general agent, or any person authorized by appointment or by law to receive service of process on behalf of the corporation, or on a person at the registered office of the corporation in charge thereof, or if service cannot be made on any of those persons, then on a person at the principal place of business of the corporation in this State in charge thereof, or if there is no principal place of business in this state, then on any employee of the corporation within this State acting in the discharge of his or her duties.

N.J. Ct. R. 4:4-4(a)(6). To justify its service, Plaintiff relies solely on a return receipt signed by ServPro's receptionist. Because Plaintiff attempted mailed service to ServPro's principal place of business in Tennessee, and because Plaintiff has not proffered any evidence suggesting ServPro's

7

receptionist had authority to accept service, the thirty-day removal period did not begin until ServPro was properly served on January 9, 2018. In turn, the removal notice filed by ServPro on February 7, 2018, was timely.

      b. The omission of proper summons in ServPro's removal notice does not require remand

The Third Circuit's district courts have uniformly permitted omissions of orders from notices to be cured. *Royal Indem. Co v. Admiral Ins. Co.*, No. 07-2048 (RBK), 2007 WL 4171649, at *2 (D.N.J. 2007) (holding that omission of required accompanying documents did not justify remand); *King v. Mansfield Univ. of Pa.*, No. 15-159, 2015 WL 46477637, at *4 (M.D. Pa. Aug. 5, 2015) ("Defendants' initial failure to attach the writ of summons from the state court proceeding to their notice of removal was a *de minimis* procedural defect that does not necessitate remand"); *Efford v. Milam*, 368 F. Supp. 2d 380, 382-83 (E.D. Pa. 2005) ("omissions which are merely formal or modal do not affect the rights to remove and may be subsequently remedied"); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3733 (4th ed. 2011) (explaining that failure to attach appropriate documents is curable in the federal court). Thus, because ServPro's failure to attach proper summons was a *de minimis* procedural defect, it may cure its error in this Court. This error does not require remand.

      c. The Rule of Unanimity does not require remand

It is well settled that under 28 U.S.C. § 1446 all defendants must join in or consent to removal pursuant to the rule of unanimity.[1] However, it is unclear in this Circuit whether the rule of unanimity requires all defendants to provide the court with written consent within thirty days.

---

[1] "The unanimity rule may be disregarded where: (1) a non-joining defendant is an unknown or nominal party; or (2) where a defendant has been fraudulently joined." *Balazik,* 44 F.3d 209, 213 n.4 (1995). Neither exception applies here.

*See Siebert v. Norwest Bank*, 166 Fed. App'x 603, 607 n.2 (3d Cir. 2006) (noting the lack of clarity but declining to resolve it). Because neither the Supreme Court nor Congress has clarified the form consent must take, circuit courts have split on the issue. *See Griffioen v. Cedar Rapids and Iowa City Ry. Co.*, 785 F.3d 1182, 1186 (8th Cir. 2015) (holding all parties must support the removal notice in writing, but that said writing may come after thirty day removal period ends); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013) (holding not all parties are required to submit writing to the court indicating consent to removal); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) (same); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201-02 (6th Cir. 2004) (same); *Roe v. O'Donohue*, 38 F.3d 298, 301 (7th Cir. 1994) (holding that a removal notice must be supported in writing), abrogated on other grounds by *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 525 U.S. 344, 353 (1999); *Getty Oil Corp., Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988) (same); *In re Bethesda Memorial Hosp., Inc.*, 123 F.3d 2407, 1410 n.2 (11th Cir. 1997) (same).

While the Third Circuit has remained silent on the precise issue at hand, policy considerations do not suggest remand is warranted in the circumstances of this case. Potential Rule 11 sanctions and a codefendant's opportunity to alert the court to any falsities in the removing defendants' notice serve as safeguards to prevent removing defendants from making false representations of unanimous consent. *Griffioen*, 785 F.3d at 1187 (explaining that codefendants can bring misrepresentations to the court's attention, leading to Rule 11 sanctions); *Proctor*, 584 F.3d at 1225 (stating that the availability of sanctions mitigates policy concerns); *see also Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 75 (1st Cir. 2009) (noting that the rule of unanimity prevents one defendant from imposing its choice of forum on unwilling codefendants). While these safeguards may, at times, be insufficient, "as long as the removing defendant's

9

codefendant itself later files an indication of its consent, any potential concern that the codefendant has not authorized or manifested its binding consent to removal is mitigated." *Griffioen*, 785 F.3d at 1188.

Thus, where a defendant's removal notice is timely, and that removal notice is "[f]ollowed by the filing of a notice of consent from the codefendant itself, [the defendant] sufficiently establishes the codefendant's consent to removal." *Id.*

In this case, ServPro filed a removal notice in a timely manner. ServPro received consent from Mr. O'Donnell and O'Donnell LLC by email prior to filing its removal notice. While Mr. O'Donnell and O'Donnell LLC did not inform the court of their consent within a thirty-day period, they did certify the validity of that email on March 15, 2018. Because all defendants intended to consent to removal, this court will refrain from applying the standard in a hyper-technical and unrealistic manner. *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 933 (8th Cir. 2012) (citing *Bradley v. Md. Cas. Co.*, 382 F.2 415, 419 (8th Cir. 1967)). For that reason, the tardiness of Mr. O'Donnell and O'Donnell LLC's consent does not require remand.

### B. Motion to Dismiss

#### 1. Franchise Agreement

As a general matter, a district court ruling on a motion to dismiss may not consider matters extraneous to the pleadings. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). This rule rests on the concern that considering documents outside the complaint would prejudice the plaintiff, who would lack notice to challenge them. *Id.* However, a "document integral to or explicitly relied upon in the complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *Id.* (citations and quotations omitted). For that reason, "a court must consider only the complaint, exhibits attached to the complaint, matters

of public record, as well as undisputedly authentic documents if the complaint's claims are based upon said documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). "Where plaintiff has actual notice . . . and has relied upon these documents in framing the complaint," it removes the risk of prejudice. *Id.* (citing *Watterson v. Page*, 987 F.2d 1, 3–4 (1st Cir. 1993)).

In this case, consideration of ServPro's Franchise Agreement with O'Donnell LLC is procedurally proper. Plaintiff relies primarily on the franchise relationship between ServPro and O'Donnell LLC as the basis for her claims against ServPro. Because the franchise agreement is integral to that relationship and Plaintiff does not dispute its authenticity, its consideration is proper. But, while consideration of the agreement is proper, it is not controlling. Plaintiff is not a party to the franchise agreement and it does not control her relationship with ServPro or O'Donnell LLC. Thus, while the franchise agreement is properly before the Court on a 12(b)(6) motion to dismiss, it is not decisive on Plaintiff's claims.

### 2. NJLAD Claims

ServPro does not dispute that Plaintiff adequately alleges gender discrimination, hostile work environment, and retaliation by O'Donnell LLC. Rather, ServPro contends that it lacks the requisite relationship with Plaintiff to be held liable under the NJLAD.

Plaintiff has failed to plead that ServPro owed a duty to Plaintiff under vicarious liability, agency, apparent authority, or employer-employee principles. As an initial matter, Plaintiff has not demonstrated that the relationship between ServPro and O'Donnell LLC evinces the degree of control that would warrant the imposition of vicarious liability under agency principles. *See J.M.L. ex rel. T.G. v. A.M.P.*, 379 N.J. Super. 142, 152, (App. Div. 2005). Plaintiff has not put forth factual allegations that ServPro manages the day-to-day activities of O'Donnell LLC or exercises sufficient control over its operations to make it liable for its acts or omissions. Pursuant

to ServPro and O'Donnell LLC's franchise agreement, O'Donnell LLC handles all day-to-day operations and hiring and firing decisions. Plaintiff has pleaded in a conclusory fashion, but not set forth factual allegations, that O'Donnell LLC and ServPro function in a manner that is inconsistent with the terms of their contractual agreement. Because Plaintiff has not put forth facts that allege ServPro is involved in O'Donnell LLC's day-to-day operations or hiring and firing decisions, Plaintiff has not stated a claim implicating ServPro's liability under theories of vicarious liability or agency.

Nor has Plaintiff adequately pleaded circumstances that give rise to liability under the principle of apparent authority. In order to recover against a franchisor under the principle of apparent authority, a party must show that: (1) the appearance of authority has been created by the conduct of the alleged franchisor and not solely by the conduct of the putative agent; (2) a third party has relied on the franchisor's apparent authority to act for a franchisee; and (3) the reliance was reasonable under the circumstances. *Mayflower Transit, LLC v. Prince*, 314 F. Supp. 2d 362, 374 (D.N.J. 2004); *see also Gizzi v. Texaco*, 437 F.2d 308, 309 (3rd Cir. 1971). "[T]he essential element of reliance must be present before apparent authority can be found." *Wilzig v. Sisselman*, 209 N.J. Super. 25, 30 (App. Div. 1986).

In this case, Plaintiff fails to sufficiently plead that she relied on ServPro's assertion of authority over O'Donnell LLC. Plaintiff adequately alleges apparent authority's first element, claiming she contacted ServPro's Human Resources department, which told her it would look into her claims. However, Plaintiff has failed to set forth any factual allegation of reliance. She does not contend, for example, that she would have confronted Mr. O'Donnell directly had ServPro's Human Resources department not said they would look into the matter. This failure to allege any form of reliance consequently prevents the Court from evaluating whether reliance would have

been reasonable. For that reason, Plaintiff has failed to set forth allegations that would satisfy the second and third elements of an apparent authority relationship. Plaintiff's claim thus fails to survive a 12(b)(6) motion to dismiss under a theory of apparent authority.

Plaintiff has also failed to establish an employer-employee relationship with ServPro. In *D'Annunzio v. Prudential Ins. Co. of Am.*, 192 N.J. 110, 119–21 (2007), the New Jersey Supreme Court discussed the test for establishing an employer-employee relationship. The *D'Annunzio* Court cites twelve factors to be considered when determining whether a plaintiff qualifies as an employee: (1) the employer's right to control the means and manner of the worker's performance; (2) the kind of occupation—supervised or unsupervised; (3) skill; (4) who furnishes the equipment and workplace; (5) the length of time in which the individual has worked; (6) the method of payment; (7) the manner of termination of the work relationship; (8) whether there is annual leave; (9) whether the work is an integral part of the business of the "employer;" (10) whether the worker accrues retirement benefits; (11) whether the "employer" pays social security taxes; and (12) the intention of the parties. *Id.* at 123 (*citing Pukowsky v. Caruso*, 312 N.J. Super. 171, 182–83 (App. Div. 1998)). Plaintiff has merely alleged that ServPro's Human Resources department had control over O'Donnell LLC's employment and personnel decisions. She fails to make any factual allegation suggesting such a relationship exists, nor does she make any factual assertion that creates the requisite relationship outlined in *D'Annunzio.* For that reason, she has not pleaded the necessary elements of an employer-employee relationship to survive a 12(b)(6) motion to dismiss.

Plaintiff has thus failed to allege a sufficient relationship with ServPro to subject ServPro to liability under the NJLAD. Because the requisite relationship has not been sufficiently pleaded, ServPro's motion to dismiss Count Two, Count Four, and Count Six is granted.

### 3. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress under New Jersey law, a plaintiff must allege that a defendant's intentional or reckless conduct was both outrageous and the proximate cause of severe emotional distress. *Buckley v. Trenton Saving Fund Soc.*, 544 A.2d 857 (N.J. 1988). Regarding the first element, the defendant "must intend both to do the act and to produce emotional distress." *Id.* Next, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id.* Once the Court has determined that the defendant's actions proximately caused the plaintiff's emotional distress, plaintiff must show the distress suffered is "so severe that no reasonable man could be expected to endure it." *Id.*

It is worth noting that the "elevated threshold" for finding outrageous conduct is only satisfied in extreme cases under New Jersey law. *Griffin v. Tops Appliance City, Inc.*, 766 A.2d 292, 296 (N.J. Super. Ct. App. Div. 2001). Such extreme circumstances have occurred where, for example, a defendant teacher made a false report that plaintiff teacher, a practicing non-violent Buddhist, had threatened to kill her students, and arranged to have the plaintiff removed publicly from the school, allegedly in retaliation for rebuking defendant's sexual advance. *Leang v. Jersey City Bd. of Educ.*, 969 A.2d 1097, 1115-16 (N.J. 2009). Additionally, a plaintiff alleged conduct that was sufficiently outrageous when a supervisor and two co-workers at a military facility surrounded the plaintiff and made comments and gestures suggesting she was to perform a sexual act on the supervisor while the others watched, before making a threatening telephone call implying that the Mafia would become involved if the plaintiff pursued the investigation. *Wigginton v. Servidio*, 734 A.2d 798, 805-06 (N.J. Super Ct. App. Div. 1999), *cert. denied,* 163

14

N.J. 11 (2000). Finally, it was sufficiently outrageous when a doctor allegedly told parents their child was suffering from a rare disease that may have been cancerous, knowing that the child had nothing more than a mildly infected appendix. *Hume v. Bayer*, 428 A.2d 966, 970-71 (N.J. Super. Ct. Law Div. 1981).

Conversely, federal and state courts have declined to find extreme and outrageous conduct where the plaintiff's co-workers treated her rudely and unprofessionally, called her names, and gestured towards her in a physically intimidating manner. *Ferraro v. Bell Atlantic Co.*, 2 F. Supp. 2d 577, 589 (D.N.J. 1998). Additionally, it was insufficiently outrageous when derogatory gender-based comments were made to a plaintiff alongside allegations that her fiancé was a "cheat" and a "liar." *Obendorfer v. Gitano Group, Inc.*, 838 F. Supp. 950, 952, 955 (D.N.J. 1993). Nor was a supervisor's conduct outrageous when he expressed doubt that the plaintiff had been diagnosed with breast cancer, and then came near her "on the verge of physically bumping into [the plaintiff's] breast area as if to see" if she had truly had a mastectomy, *Harris v. Middlesex County College*, 353 N.J. Super. 31, 36, 46–47 (App. Div. 2002).

The Court does not find the defendants' conduct, as pleaded, was "extreme" or "outrageous." The totality of alleged outrageous conduct consists of (a) Mr. O'Donnell calling Plaintiff names, (b) Plaintiff being unreasonably terminated by Mr. O'Donnell, (c) ServPro's Human Resources Department failing to adequately investigate Mr. O'Donnell, and (d) Mr. O'Donnell contesting the state's decision to provide Plaintiff with unemployment compensation.

Viewed individually or collectively, these acts are insufficient to sustain Plaintiff's claim against ServPro. Mere insults, indignities, threats, and annoyances do not give rise to liability for intentional infliction of emotional distress, *Taylor v. Metzger*, 152 N.J. 490, 509 (1998), and it is rare to find conduct in the employment context which rises to the level of outrageousness

necessary to provide a basis for intentional infliction of emotional distress. *Devine v. Prudential Ins. Co. of Am.*, 2007 WL 1875530 (D.N.J. 2007). Thus, while the illicit phrases allegedly uttered by Mr. O'Donnell were far from commendable, and losing one's job undoubtedly creates hardship, such actions do not give rise to a claim of intentional infliction of emotional distress.

Because Plaintiff has not adequately pleaded outrageous conduct on behalf of ServPro, the Court will grant ServPro's motion to dismiss this claim. Count Seven will be dismissed from the Complaint with respect to ServPro.

## IV. LEAVE TO AMEND

"[I]f a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. County of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). Indeed, even when "a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Because the Court finds that Plaintiff may be able to cure the pleading deficiencies identified above, the Court will grant Plaintiff another opportunity to seek leave to amend her complaint within fourteen days of the date of this Opinion and accompanying Order. Plaintiff must set forth sufficient, factual, allegations, that either she, or O'Donnell LLC, maintained the requisite relationship with ServPro to subject it to liability under the NJLAD. Additionally, Plaintiff must provide the Court with allegations identifying particular actions causing particular injuries that give rise to a claim of intentional infliction of emotional distress in any proposed amended complaint.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Remand is **DENIED**, and ServPro's Motion to Dismiss is **GRANTED**.

Dated: June 20, 2018

/s Robert B. Kugler
ROBERT B. KUGLER
United States District Judge